UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61125-CIV-ALTONAGA

**SAMUEL CHARLES MOHORNE**,

    Appellant,

vs.

**BEAL BANK, S.S.B.**,

    Appellee.
_____/

## ORDER

Appellant, Samuel Charles Mohorne ("Mohorne"), appeals several Orders of the bankruptcy court in the case styled *In re Samuel Charles Mohorne*, Case No. 02-27505-BKC-JKO: (1) Order Denying Debtor's Emergency Motion to Reopen Case; (2) Order Denying Debtor's Emergency Motion for Reconsideration and Recusal; (3) Order Denying Debtor's Motion to Strike Appearance of Liebler, Gonzalez & Portuondo, P.A.; and (4) Order Denying Debtor's Motion to Reconsider Order Denying Motion to Strike Appearance of Liebler, Gonzalez & Portuondo, P.A. The Court has carefully considered the parties' written submissions, pertinent portions of the record, and applicable law.

### I. BACKGROUND

On September 25, 2003, Appellee, Beal Bank, S.S.B. ("Beal Bank"), commenced a foreclosure action against Mohorne in the Circuit Court of the Seventeenth Judicial Circuit in Broward County, Florida, in case 03-16911-CACE (14). The mortgage identified the subject property as "Lot 44, less the North 10 feet for street, FORD'S MANOR, according to the Plat thereof, recorded in Plat Book 19, Page 34, of the Public Records of Broward County, Florida."

Case No. 09-61125-CIV-ALTONAGA

(Order on Plaintiff's Motion for Issuance of a Writ of Possession for 1211 N.W. 26th Avenue, Pompano Beach, Florida ("*Possession Order*") [D.E. 14-2][1]). The mortgage also included a street address of 2610 Northwest 13th Street, Pompano Beach, Florida, 33069. (*See id.*). On September 26, 2003, Beal Bank filed a Notice of Lis Pendens in the Public Records of Broward County, Florida, on the property described in the mortgage along with the street address. (*See id.*).

On January 24, 2005, the court entered its final judgment of foreclosure, and Beal Bank was the successful purchaser at the foreclosure sale. (*See id.*). On March 8, 2005, the Clerk of Court issued a Certificate of Title identifying Beal Bank as the owner of the property described as: "Lot 44, less the North 10 feet for street, FORD'S MANOR, according to the Plat thereof, recorded in Plat Book 19, Page 34, of the Public Records of Broward County, Florida." (*See id.*). On April 26, 2005, a writ of possession was issued by the Clerk of Court in favor of Beal Bank. (*See id.*). The writ of possession included the legal description form the Certificate of Title and included the Northwest 13th Street address. (*See id.*).

Mohorne remained in possession of the property, including the dwelling on the property. (*See id.* at 4). Following the entry of the Judgment of Foreclosure, the issuance of the Certificate of Title, and the issuance of the Writ of Possession, Mohorne filed numerous motions in the circuit court, arguing that the portion of the property with a street address of 1211 N.W. 26th Avenue, Pompano Beach, Florida, containing a dwelling unit, was never subject to the mortgage securing Mohorne's promissory note, and that only the vacant land found at Northwest 13th Street was

---

[1] Some docket entries and exhibits contain multiple documents. Consequently, specific page numbers within the exhibits are sometimes not identified in this Order.

Case No. 09-61125-CIV-ALTONAGA

encumbered by the mortgage. (*See id*.). The circuit court rejected Mohorne's arguments, finding as follows:

> 9. Throughout these post-foreclosure proceedings, S. Mohorne has accused Beal Bank, through its attorneys, of engaging in a fraudulent scheme and causing a forged Certificate of Title to be issued by the Clerk of Court. The Court expressly finds that these accusations are wholly without merit and are unsupported by any record or other evidence.
>
> 10. The Court finds that it was S. Mohorne's intent to secure the mortgage and granted the mortgage encumbering the dwelling unit and vacant land. The Court specifically finds, therefore, that the Mortgaged Property includes the dwelling unit and the vacant lad, and that both street addresses, i.e., 2610 Northwest 13th Street and 1211 N.W. 26th Avenue, Pompano Beach, Florida, are within the Mortgaged Property's legal description. Beal Bank, as the successful purchaser of the Mortgaged Property, is the owner of the Mortgaged Property fully and accurately described in the Clerk of Court's Certificate of Title, and is entitled to immediate possession of the Mortgaged Property with the street addresses of 2610 Northwest 13th Street and 1211 NW 26th Avenue, Pompano Beach, Florida.

(Notice of Filing Omitted Page Four (4) [D.E. 16]).[2] Mohorne appealed the circuit court's decision, and the decision was affirmed by the Fourth District Court of Appeal, without discussion, on August 2, 2006. (*See* Per Curiam Decision [D.E. 14-2]).

After the court affirmed the decision, Mohorne filed a quiet title action in the United States District Court for the Southern District of Florida, in case 06-Civ-61308-Dimitrouleas. (*See* Complaint, *Mohorne v. Beal Bank* [D.E. 14-3]). The Complaint raised essentially the same issue argued in the state court motion for writ of possession, which had been adjudicated by the state court and affirmed on appeal. Judge Dimitrouleas found he had no jurisdiction to hear the case pursuant

---

[2] Page four was missing from the photocopy of the order originally filed as an Exhibit to Beal Bank's Answer Brief and so was filed separately.

3

Case No. 09-61125-CIV-ALTONAGA

to the *Rooker-Feldman*[3] doctrine, and granted summary judgment to Beal Bank. (*See* Order Granting Defendant's Motion for Summary Judgment [D.E. 14-3]).

While the action to quiet title was pending, in September 2006, Mohorne filed a third Voluntary Chapter 13 Bankruptcy Petition. To avoid the automatic stay provisions of a bankruptcy petition, Beal Bank filed a motion for relief from stay, which was granted on October 17, 2005. (*See* Order Granting Motion for Relief from Stay [D.E. 14-4]). Mohorne then filed an Emergency Motion to Enforce Automatic Stay on Debtor's Homestead Residence on October 19, 2005. (*See* [D.E. 14-5]). The bankruptcy court denied the motion. (*See* Order Denying Debtor's Motion to Enforce the Automatic Stay [D.E. 14-7]).

Mohorne appealed the order to the district court (*see* Notice of Appeal [D.E. 14-7]), and moved for a stay pending appeal. (*See* Debtor's Emergency Motion for Stay Pending Appeal [D.E. 14-7]). The bankruptcy court denied the Motion for Stay, finding that the prior determination regarding the property by the state court was binding on the bankruptcy court under the *Rooker-Feldman* doctrine, and because Mohorne had demonstrated a clear lack of possibility of success on the merits of his appeal. (*See* Order on Debtor's Motion for Stay Pending Review [D.E. 14-8]).

In October 2007, roughly five months after the district court's order denying his action for quiet title, Mohorne filed a motion entitled, "Nunc Pro Tunc Motion for Rehearing on Relief from Stay and Amending the Original Motion for Rehearing Filed 11-01-2005." (*See* [D.E. 14-10]). The bankruptcy court denied the motion (*see* Order Denying Debtor's Motion for Rehearing [D.E. 14-

---

[3] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983).

4

Case No. 09-61125-CIV-ALTONAGA

11]), and Mohorne appealed to the district court in case 08-Civ-60035-Gold. (*See* Notice of Appeal [D.E. 14-11]). While Mohorne ostensibly appealed the bankruptcy court's Order Denying Rehearing on the question of relief from stay, Judge Gold acknowledged that Mohorne was really attempting to relitigate the state court's decision as to which of Mohorne's properties was subject to the mortgage held by Beal Bank. (*See* Order Affirming Bankruptcy Court [D.E. 14-18]). Judge Gold determined that based on the *Rooker-Feldman* doctrine and collateral estoppel, the court could not revisit the state court's decision as to Mohorne's mortgaged property, and affirmed the bankruptcy court's order. (*See id.*).

Following another fruitless appeal, Mohorne filed several motions in the bankruptcy court. The motions, filed in case 02-27505-BKC-JKO (which Mohorne had earlier voluntarily dismissed in April 2003), are as follows: (1) Motion to Reopen the Chapter 13 Proceeding; (2) Motion to Reconsider and to Recuse Judge Olson; (3) Motion to Strike the Appearance of Liebler, Gonzalez & Portuondo, P.A.; and (4) Motion to Reconsider the Order Denying the Motion to Strike the Appearance and Filings of Liebler, Gonzalez & Portuondo, P.A. (*See* [D.E. 1, 5]). The bankruptcy court denied all of Mohorne's motions. Mohorne now appeals the bankruptcy court's orders.

## II. STANDARD OF REVIEW

District courts sit as appellate courts over bankruptcy decisions. *Miner v. Bay Bank & Trust Co. (In re Miner)*, 185 B.R. 362, 365 (N.D. Fla. 1995), *aff'd*, 83 F.3d 436 (11th Cir. 1996). The bankruptcy court's findings of facts should not be set aside unless they are clearly erroneous. *Nordberg v. Arab Banking Corp. (In re Chase & Sanborn Corp.)*, 904 F.2d 588, 593 (11th Cir. 1990). The burden to show that such factual findings are clearly erroneous lies with the appellant.

5

Case No. 09-61125-CIV-ALTONAGA

*Acquisition Corp. of Am. v. Fed. Sav. & Loan Ins. Corp.*, 96 B.R. 380, 382 (S.D. Fla. 1988). A finding of fact is not clearly erroneous unless "'this court, after reviewing all the evidence, [is] left with the definite and firm conviction that a mistake has been committed.'" *IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs.)*, 408 F.3d 689, 698 (11th Cir. 2005) (quoting *Lykes Bros., Inc. v. United States Army Corps of Engr's*, 64 F.3d 630, 634 (11th Cir. 1995)).

In contrast, conclusions of law are reviewed on a *de novo* basis. *In re Englander*, 95 F.3d 1028, 1030 (11th Cir. 1996); *Olympia & York Fla. Equity Corp. v. Bank of New York (In re Holywell Corp.)*, 913 F.2d 873, 879 (11th Cir. 1990). Further, mixed issues of law and fact and "ultimate facts" are all subject to *de novo* review. *In re Chase & Sanborn Corp.*, 904 F.2d at 593; *In re Sublett*, 895 F.2d 1381, 1383 (11th Cir. 1990).

### III. ANALYSIS

In his nearly incomprehensible brief, Mohorne essentially attempts to relitigate the state court's decision concerning what property was subject to the mortgage held by Beal Bank. Nonetheless, he does mention in passing that the bankruptcy court erred in its latest round of denials of his most recent motions. The Court addresses each order appealed in turn.

**A.   Order Denying Debtor's Emergency Motion to Reopen Case**

On this issue, the entirety of Mohorne's argument is that:

3. Although reopening a case is done on a case by case basis, to acknowledge <u>discretionary</u> terms it certainly has to be viewed using the merits of an individual case, rather than just by an out right <u>discretion</u> or freedom to decide, which is a completely different definition of the actual word <u>discretionary</u>.

4. If the Court had the freedom to decide rather to hear a case or not hear it without viewing any opposing opinions, then how would the people know when is it that the court were [sic] exercising neutrality.

Case No. 09-61125-CIV-ALTONAGA

(Mohorne's Initial Brief ("*Initial Brief*") [D.E. 10] at 2) (emphasis in original).

Under 11 U.S.C. § 350(b), "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." As Beal Bank points out, and as Mohorne appears to acknowledge, the decision whether to reopen a bankruptcy case is within the sound discretion of the bankruptcy court. *Dennis v. Poff* (*In re Poff*), No. 09-11634, 2009 WL 2776468, * 2 (11th Cir. Sept. 2, 2009); *Fanning v. Fanning* (*In re Alta Gold Co.*), 236 F. App'x. 266, 268 (9th Cir. 2007). In determining whether to reopen a bankruptcy case, one factor a court should consider is how long the case has been closed. "The longer the time between the closing of the estate and the motion to reopen, however, the more compelling the reason for reopening the estate should be." *In re Case*, 937 F.2d 1014, 1018 (5th Cir. 1991) (citation omitted). Another factor is the availability of relief in another forum. *See Apex Oil Co. v. Sparks* (*In re Apex Oil Co.*), 406 F.3d 538, 542 (8th Cir. 2005) ("The availability of relief in an alternative forum is a permissible factor on which to base a decision not to reopen a closed bankruptcy case").

Here, in 2009 Mohorne sought to reopen his 2002 bankruptcy case, which had been closed since July 2003. Notably, Mohorne had, in the meantime, opened another Chapter 13 case which was then pending before the bankruptcy court. The bankruptcy court reasonably chose not to reopen the long closed case and did not abuse its discretion in so doing. Moreover, Mohorne could have raised any pertinent issues in the case then pending before the bankruptcy court. The bankruptcy court's decision to deny Mohorne's Motion to Reopen the Bankruptcy Case was not in error, but in keeping with proper consideration of relevant factors. The bankruptcy court's Order is therefore affirmed.

Case No. 09-61125-CIV-ALTONAGA

**B.     Order Denying Debtor's Emergency Motion for Reconsideration and Recusal**

Mohorne asserts that

> 6. For the Court up on [sic] it's [sic] own motion objecting to the Plaintiff/Debtor for reopening this case and refusing to take judicial notice to it's [sic] own orders is all of but many reasons as to why I feel that this Court should deem it's [sic] self bias [sic] and further withdraw from this case as in **recusal**.

(*Initial Brief* at 3) (emphasis in original). Mohorne cites no case law in support of his position that the bankruptcy judge erred in failing to recuse himself from the proceedings, nor does he supply any factual basis or analysis to support this contention. Mohorne similarly fails to provide any legal or factual basis to support his position that the bankruptcy court erred in denying his motion to reconsider its denial of Mohorne's motion to reopen the 2002 bankruptcy case.

Recusal in bankruptcy proceedings is governed by 28 U.S.C. § 455, which requires the recusal of a bankruptcy judge "in any proceeding in which his impartiality might reasonably be questioned." *Brown v. Brock*, 169 F. App'x 579, 583 (11th Cir. 2006). A judge's rulings will generally not justify recusal. "[A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt." *Byrne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001) (citation omitted). As the Supreme Court has explained,

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *See United States v. Grinnell Corp.*, 384 U.S., at 583, 86 S.Ct., at 1710. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

Case No. 09-61125-CIV-ALTONAGA

*Liteky v. United States*, 510 U.S. 540, 555 (1994) (alterations added).

The bankruptcy judge, whose recusal Mohorne sought, stated that "all of the matters about which the Debtor complains in the Reconsideration Motion relate to my Order Denying Debtor's Motion for Rehearing and/or Reconsideration entered on December 13, 2007, in the Debtor's subsequent chapter 13 case." (Order Denying Debtor's Emergency Motion for Reconsideration and Recusal [D.E. 1] at 3). Because Mohorne sought recusal purely on the basis of adverse rulings made by the bankruptcy judge, that judge correctly determined that Mohorne had made no showing to warrant recusal.

As to reconsideration, the bankruptcy court denied the motion on the ground that Mohorne failed to meet the standards for reconsideration. The court explained that

> Federal Rule of Bankruptcy Procedure 9024, applying Federal Rule of Civil Procedure 60, allows for reconsideration of an order when there is: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

(*Id*. at 5-6) (citing Fed. R. Bankr. Pro. 9024; *Drake v. Dennis*, 209 B.R. 20, 25 (Bankr. S.D. Ga. 1996)). The court noted that Mohorne had not satisfied any of the factors required for relief under Rule 9024, but stated, "[g]iving the Debtor the benefit of any doubt, it is possible that he is contending that ruling made in the Order Denying Reopening was a legal mistake within the meaning of Rule 60(b)(1)." (*Id*. at 6).

The bankruptcy court then proceeded to address the standards for reopening a bankruptcy case, and determined the court had not abused its discretion in denying the motion to reopen the case.

9

Case No. 09-61125-CIV-ALTONAGA

As discussed in regard to the bankruptcy court's order denying reopening of the case, the undersigned sees no error. The bankruptcy court had a reasonable basis upon which to deny the motion to reopen and did not abuse its discretion in making that decision. Accordingly, there was no legal mistake in the order, and no basis upon which reconsideration should be granted. The bankruptcy court's order denying reconsideration and recusal is affirmed.

### C.   Order Denying Debtor's Motion to Strike Appearance of Liebler, Gonzalez & Portuondo, P.A.

Following the bankruptcy court's denial of his motions to reopen and for reconsideration, Mohorne filed a motion to strike the appearance of Beal Bank's counsel, Liebler, Gonzalez & Portuondo, P.A. ("Liebler"), which the bankruptcy court denied. Mohorne asserts this denial was in error. Mohorne makes the following arguments in support of his position:

> (3)  Beal Bank's Attorneys were not excluded from filing a Notice of substitution of counsel, or obtaining an order to substitute counsel if they were not able to obtain the substitution in trial court, neither were they (Beal Bank/Counsel) exempt from filing a Notice of Appearance on this Appeal in the Federal District court upon this court case (09-cv-61125-CMA), for there is no notice of an appearance in this court case neither in the trial court case from the U.S. Bankruptcy court prior to the filing of this case on appeal, in which according to the rules it is a requirement to file the notice of appearance prior to any other court papers and even if this were alright, it still does not wave [sic] the notice of appearance that is due to be filed in the side of the appeals court upon a notice of Appellee, as to the adversary proceeding.

(*Initial Brief* at 13-14). He goes on to state that

> Upon the matters in this case, Beal Bank's so-called Counsel of record did not file a valid Substitution of Counsel in the case in the Trial Court. Neither did they file a Notice of Appearance in this Appeal Case at any time during this Appeal. In which according to the rules of this Court they are not exempt from filing in either one of these cases, unless the rules doesn't [sic] apply to them because they are the Counsel for a bank (Beal Bank). I (Appellant/Debtor Mohorne) call the court to Take judicial notice to the record on this Appeal case from the Trial Court, as well as in this court case (09-cv-61125-CMA), for there is no Notice of Appearance filed by the

10

Case No. 09-61125-CIV-ALTONAGA

> so called Counsel of Beal Bank on the record any where in this Court, in which violates the rule of 9010-1. Notice of appearance.

(*Id*. at 21-22). Mohorne concludes his argument by stating,

> Appellant/Debtor Mohorne would also like to state that as to a matter of record that the Proof of Claim were [sic] filed in this case by Butler & Hosch P.A., and they did not file a motion to with draw [sic] from the Trial court, neither did they sign a stipulation with Liebler, Gonzalez & Portuondo, P.A., prior to Attorney Dora F. Kaufman, Esq. Filing any documents in the Trial court. This might violate the Rule of 2091-1. . . . Appellant/Debtor Mohorne would like to also point out that these action [sic] by the so-called Counsel of Beal Bank might have also violated the rules of 9011, 9010(a)(2), and rule 11.1D of the Federal Rules of Civil Procedure.

(*Id*. at 22-23).

Mohorne correctly cites to Local Rule 9010-1 as the rule governing attorney appearances in bankruptcy cases in this district. Local Rule 9010-1(A) provides in relevant part:

> Requirement of Notice of Appearance. Every attorney representing a party or witness in any case or proceeding in this court must file a notice of appearance in the case or proceeding, except that the notice need not be filed when the appearance has previously been evidenced by the filing of a paper on behalf of the client. For the purpose of this rule, the filing of any paper (other than a ballot or proof of claim) shall, unless otherwise specified, constitute an appearance by the attorney who signs or electronically files it.

Mohorne moved to strike the appearance of Liebler apparently on the ground that Liebler had not filed a formal notice of appearance in the case, and further, that the attorneys originally representing Beal Bank had not formally withdrawn from the case.

In its Order denying Mohorne's Motion to Strike, the bankruptcy court explained that Liebler's filing its "Designation or Contents for Inclusion in Record of Appeal [DE 40] constitutes a proper notice of appearance as contemplated by Local Rule 9010-1(A) and Federal Rule of Bankruptcy Procedure 9010." (Order Denying Debtor's Motion to Strike Appearance of Liebler,

11

Case No. 09-61125-CIV-ALTONAGA

Gonzalez & Portuondo, P.A. [D.E. 14-19] at 90). The undersigned agrees. Liebler's filing its Designation comports with Local Rule 9010-1(A) in that it was the "filing of any paper" signed by an attorney who electronically filed it. There was no error in the bankruptcy court's decision to deny Mohorne's Motion to Strike.

> **D.     Order Denying Debtor's Motion to Reconsider Order Denying Motion to Strike Appearance of Liebler, Gonzalez & Portuondo, P.A.**

Finally, Mohorne appeals the bankruptcy court's refusal to reconsider its order denying Mohorne's Motion to Strike. In his Motion for Reconsideration, Mohorne did not assert any grounds that would warrant reconsideration. He merely reiterated his argument that Liebler had not filed a proper notice of appearance in the case, and that the attorney previously representing Beal Bank had not withdrawn.

The bankruptcy court set forth the proper standards for reconsideration, and generously determined that the only possible ground Mohorne could be asserting for reconsideration was that the Order Denying the Motion to strike was clearly erroneous and resulted in manifest injustice. The bankruptcy court then noted that Mohorne's reliance upon Local Rule 2091-1 was misplaced. Local Rule 2091-1 governs attorney withdrawals and was not implicated in this case. The court noted, "this case is closed and has remained closed even after Debtor's attempts to reopen this case." (Order Denying Reconsideration [D.E. 14-19] at 113). The court further explained that "[a] creditor's decision to retain new counsel in a debtor's attempt to open a closed case or in dealing with an appeal, does not implicate Local Rule 2091-1. In both of these instances, these matters constitute situations in which a client may look to new counsel to handle these new issues." (*Id.*) Finally, the bankruptcy court noted that it had properly ruled in its earlier order that Liebler's filing

Case No. 09-61125-CIV-ALTONAGA

of the Designation constituted a proper notice of appearance as contemplated by the rules.

As discussed, the filing of the Designation constitutes a proper notice of appearance on Liebler's part. Accordingly, the bankruptcy court's denial of Mohorne's motion to reconsider was entirely proper.

### E. The Underlying Issues

Mohorne only briefly addresses the orders actually on appeal in this case. Instead, he spends the majority of his brief reiterating the arguments he has made before the bankruptcy court, Judge Dimitrouleas, and Judge Gold, concerning the foreclosed property. As the bankruptcy court, Judge Dimitrouleas, and Judge Gold all determined, this Court cannot revisit the state court's decision as to the foreclosed property under the *Rooker-Feldman* doctrine and collateral estoppel. Judge Gold has previously explained,

> According to the Eleventh Circuit, the doctrine of *Rooker-Feldman* "provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." *Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc)). *Rooker-Feldman* doctrine also extends to claims that are so "inextricably intertwined" with a state court judgment that the federal claim would succeed "only to the extent that the state court wrongly decided the issues before it." *Id*.
>
> In addition, under the law of this Circuit, "collateral estoppel bars relitigation of an issue previously decided if the party against whom the prior decision is asserted had a 'full and fair opportunity' to litigate the issue in an earlier case." *United States v. Weiss*, 467 F.3d 1300, 1308 (11th Cir. 2006). In order to apply collateral estoppel, the party seeking to invoke the doctrine must establish that "(1) the issue in the pending case is identical to that decided in a prior proceeding; (2) the issue was necessarily decided in the prior proceeding; (3) the party to be estopped was a party or was adequately represented by a party to the prior proceeding; and (4) the precluded issue was actually litigated in the prior proceeding." *Id*.
>
> Here, the bankruptcy court denied Appellant's Motion for Rehearing based on untimeliness, but also noted that the doctrines of collateral estoppel and *Rooker-*

13

Case No. 09-61125-CIV-ALTONAGA

> *Feldman* precluded the court from revisiting the issues that were decided by the state court. As stated previously in Part I of this order, the September 8, 2005 order by the state court (1) rejected Mr. Mohorne's argument that the mortgage only covered the 2610 Northwest 13th Street property, and not the 1211 Northwest 26th Avenue property; and (2) held that Beal Bank was entitled to take immediate possession of both the 2610 Northwest 13th Street and 1211 Northwest 26th Avenue properties. Appellant Mohorne filed for bankruptcy in Case No. 05-25836 on September 12, 2005, four days after the state court entered its order.
>
> In the appeal now before the Court, Appellant Mohorne requests that I reverse the bankruptcy court's November 14, 2007 order based on the exact argument that was explicitly rejected by the state court on September 8, 2005. Appellant Mohorne's arguments in this appeal could only succeed to the extent that the state court wrongly decided those matters, and Appellant's arguments here are therefore barred by the *Rooker-Feldman* doctrine.
>
> Furthermore, the doctrine of collateral estoppel precludes Appellant from relitigating the issue of whether both properties were subject to Beal Bank's mortgage and subsequent foreclosure. That exact issue was decided by the state court on September 8, 2005 in Case No. 03-16911, the determination was a necessary part of the state court's order, the issue was actually litigated in that case. In addition, both Mohorne and Appellee Beal Bank were parties to the state court action. As such, collateral estoppel bars Appellant's attempts to relitigate this issue. *See United States v. Weiss*, 457 F.3d at 1308.

(Order Affirming Bankruptcy Court's Order; Closing Case [D.E. 14-18] at 7-9).

The reasoning set forth repeatedly by the bankruptcy court and other judges in this district remains applicable to this appeal. Mohorne's arguments regarding the foreclosed properties may not be considered by this Court.

### IV. CONCLUSION

In light of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that

1. All appealed Orders of the Bankruptcy Court are **AFFIRMED**.

2. This case is **CLOSED**.

14

Case No. 09-61125-CIV-ALTONAGA

3. All pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of November, 2009.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record